UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIM L. VICTOR,

      Plaintiff,

v.                                                   Case No.:  2:22-cv-438-SPC-NPM

T-MOBILE US, INC., SPRINT
CORP., CENTURYLINK, INC.,
LUMEN TECHNOLOGIES, INC.,
and DEUTSCHE TELECOM AG,

      Defendants.

_____/

**OPINION AND ORDER**[1]

      Before the Court are an Amended Motion to Dismiss from Defendants T-Mobile US, Inc. ("T-Mobile") and Deutsche Telecom AG ("DTAG") (Doc. 22), and a Motion to Dismiss from Lumen Technologies, Inc. ("Lumen") (Doc. 38). *Pro se* Plaintiff Kim Victor opposes the motions (Doc. 30; Doc. 40).  T-Mobile and DTAG have replied.  (Doc. 35).  For the following reasons, the Court grants the motions.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND

Victor seeks compensatory and punitive damages from T-Mobile, Sprint Corporation ("Sprint"), CenturyLink, Inc. ("CenturyLink"), Lumen, and DTAG for trespass and unlawful taking based on fiber optics cables that allegedly stray from the utilities right-of-way and encroach onto Victor's property.

Victor alleges his property is adjacent to property owned by Sprint, on which stands a communications depot operated and serviced by CenturyLink and Lumen. He states fiber optics cables and the electrical lines that power the communications depot stray from the utilities right-of-way and encroach onto his property in various locations. Twice CenturyLink and Lumen asked to locate the buried lines, twice they entered Victor's property to mark the lines, and after the second visit, Victor was told the lines are on his property. At no point does Victor allege any Defendant dug on his property, (Doc. 30 at 2), and the Complaint does not mention physical damage.

Victor sought a remedy directly with CenturyLink and Lumen for this encroachment, but communications broke down after several months. And after waiting for remedial action, he sued Defendants for trespass (Count I); violating Section 621(a)(2) of the Cable Communications Policy Act ("Cable Act") 47 U.S.C. §§ 521–559 (Count II); and unlawful taking under the 5th, 14th, and 9th Amendments (Counts III, IV, V).

## LEGAL STANDARD

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff. *Id.* Conclusory allegations, however, are not presumed to be true. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott*, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Thus, "the-defendant-unlawfully-harmed-me accusation" is insufficient. *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted). And courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Because Victor is proceeding *pro se*, the Court construes the complaint more liberally than it would had the complaint been drafted by an attorney. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

## DISCUSSION

Defendants' motions to dismiss attack the Complaint in three distinct ways. First, Defendants argue the Complaint names several entities that are improper defendants. Second, Defendants argue the Complaint's federal counts (statutory and constitutional) fail to state claims. And third, Lumen argues the entire complaint must be dismissed for failure to join an indispensable party. The Court will address each argument in turn.

### Dismissing the Complaint as to Improper Defendants

Defendants' first challenge centers on the entities Victor has sued. T-Mobile and DTAG first argue that Sprint merged into T-Mobile, no longer exists, and is not a proper defendant. They attached screenshot from the Kansas Secretary of State's website, which states Sprint Corporation has been "merged out of existence." (Doc. 22-1). Victor's response also states that Sprint is now owned by T-Mobile. (Doc. 30 at 2).

Similarly, Lumen states it was formerly known as CenturyLink and that it has been misnamed in the Complaint, which suggests CenturyLink is also not a proper defendant here. (Doc. 39 at 1 n.1). The Louisiana Secretary of

4

State's website confirms that Lumen Technologies, Inc.'s prior name was CenturyLink.

The Court takes judicial notice of both the Kansas Secretary of State's website and the Louisiana Secretary of State's website to notice the statements they contain. *See ACG S. Ins. Agency, LLC v. Safeco Ins. Co.*, No. 8:19-CV-528-T-36AAS, 2019 WL 8273657, at *5 (M.D. Fla. Dec. 16, 2019). And a review of that content demonstrates that neither Sprint nor CenturyLink are presently legal entities. The Court will dismiss Victor's claims against Sprint and CenturyLink. *See PNC Bank, Nat'l Ass'n v. Fresh Diet, Inc.*, No. 1:17-CV-21027-KMM, 2018 WL 3412871, at *2 (S.D. Fla. Mar. 22, 2018).

Finally, T-Mobile and DTAG argue they are also improper defendants and the claims against them should be dismissed. They explain that they are unrelated to the other Defendants and note that the Complaint alleges no wrongdoing attributable to them. They are correct.

Although the Complaint makes allegations about "Defendants" collectively, all the substantive allegations relate to CenturyLink and Lumen. And no allegations establish shared responsibility or liability through agency law. *Cf. Turner v. Homestead Police Dep't*, 828 F. App'x 541, 544–45 (11th Cir. 2020) (discussing requirements for piercing the corporate veil). The Complaint does not make allegations sufficient to justify T-Mobile and DTAG remaining as named defendants. The Court will dismiss the claims against them.

<u>Dismissing Count II for Failure to State a Claim</u>

Count II alleges Defendants violated the Cable Communications Policy Act, 47 U.S.C. § 512 *et seq.* ("Cable Act"), by their alleged trespass and taking of his private property.  Defendants argue Count II must be dismissed because the Cable Act does not create a private right of action for such a claim.  The Court agrees.

Section 541(a)(2)(C) empowers private property owners to seek compensation for property damage caused by a cable company's activities installing, constructing, operating, or removing its equipment.  But Victor has not complained about property damage (Doc. 30 at 2); instead, he complains of Defendants' trespass and taking of his personal property.  But the Cable Act does not create a mechanism for seeking compensation for a taking.  *Cable Holdings of Georgia, Inc. v. McNeil Real Est. Fund VI, Ltd.*, 953 F.2d 600, 604 n.2 (11th Cir. 1992) ("Although the Cable Act does provide that property owners be compensated for the *damages* caused by a franchised cable company, 47 U.S.C. § 541(a)(2)(C) (1988), the statute does not provide for just compensation for government *takings* of private property.").

Count II is dismissed.

<u>Dismissing Counts III, IV, and V for Failure to State a Claim</u>

In Counts III, IV, and V, Victor seeks damages under the 5th, 14th, and 9th[2] Amendments for what he alleges is Defendants' unconstitutional taking of his property. Defendants argue these counts fail to state a claim because, as private actors, their actions cannot constitute a taking. The Court agrees.

The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides: "[N]or shall private property be taken for public use, without just compensation." *Cedar Point Nursery v. Hassid*, 210 L. Ed. 2d 369, 141 S. Ct. 2063, 2071 (2021). The right to exclude is central to property ownership, and government-authorized physical invasions are takings that require just compensation. *Id.* at 2073. "[A] permanent physical occupation constitutes a *per se* taking regardless [of] whether it results in only a trivial economic loss." *Id.* (citing *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 423 (1982)).

But "[b]ecause the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct

---

[2] Like Counts III and IV, Count V alleges a taking. But in this case, it is framed as a violation of the 9th Amendment. Except the 9th amendment is not an independent source of individual rights. *Abdullah v. Gibbard*, No. 3:06-CV-275-J33MCR, 2007 WL 4462710, at *1 (M.D. Fla. Dec. 14, 2007); *see also Dukes v. Interstate Reality Mgmt. Co.*, No. 8:19-CV-63-T-36SPF, 2019 WL 2124976, at *3 (M.D. Fla. Apr. 25, 2019), report and recommendation adopted, No. 8:19-CV-63-T-36SPF, 2019 WL 2121067 (M.D. Fla. May 15, 2019) (collecting cases). In any event, the Court will analyze Victor's three constitutional takings claims together.

constitutes 'state action.' " *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (citation omitted). "[S]tate action requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' " *Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

The Complaint does not allege that a government actor placed the fiber optics cables on Victor's property. Nor does it allege that the individuals who placed the cables acted at the direction, encouragement, or control of any government actor. With no connection between the government and the encroachment on Victor's property, his constitutional takings claims fail. *See Id.* at 186–87.

Counts III, IV, and V are dismissed.

<u>Dismissing the Remaining Count for Failure to Join an Indispensable Party</u>

Finally, Lumen argues Victor has failed to join an indispensable party, CenturyLink of Florida, Inc., and his complaint should be dismissed because—given the dismissal of the Complaint's federal claims—joinder would destroy diversity jurisdiction.[3]

---

[3] Although Lumen does not frame it as such, the Court construes this argument as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(7).

Joinder is controlled by Federal Rule of Civil Procedure 19, which:

> states a two-part test for determining whether a party is indispensable. First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.

*Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279–80 (11th Cir. 2003) (quoting *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982)). Rule 19(a)(1) provides:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

This first part of the analysis focuses on pragmatic concerns like the impact on the parties and the litigation. *Id.* at 1280.

9

Lumen contends CenturyLink Florida is an indispensable party to this action (Doc. 38 at 3), and in support, it offers the sworn declaration of Danett Kennedy[4], a Lumen employee, along with supporting documents. (Doc. 38 at 12–25). Kennedy states that Lumen is the sole shareholder of CenturyLink Florida, that CenturyLink Florida is a Florida corporation, and that CenturyLink Florida owns and operates both the allegedly encroaching fiber optic cables and the adjacent property. (Doc. 38 at 12–13). Because the crux of Victor's argument is that the fiber optic cables have been improperly placed and operated, the Court agrees both that complete relief may not be achieved in CenturyLink Florida's absence and that CenturyLink Florida's interests may not be fully represented without its joinder.

But because the Complaint's federal claims must be dismissed, the Court's jurisdiction depends on diversity of the parties, and CenturyLink Florida's joinder would destroy diversity. So the Court must address the factors in Rule 19(b) and determine whether the litigation may continue in CenturyLink Florida's absence or whether "equity and good conscience"

---

[4] "The Court is not limited to the facts alleged in the pleadings when considering a motion to dismiss for failure to join an indispensable party under Fed. R. Civ. P. 12(b)(7)." *Rook v. First Liberty Ins. Corp.*, 591 F. Supp. 3d 1178, 1179–80 (N.D. Fla. 2022) (citing *Muscogee (Creek) Nation v. Poarch Band of Creek Indians*, 525 F. Supp. 3d 1359, 1365 (M.D. Ala. 2021); *Aldar Tobacco Grp., LLC v. Am. Cigarette Co. Inc.*, 2009 WL 10682051, at *1 n.1 (S.D. Fla. June 18, 2009) ("The Eleventh Circuit has never articulated a standard for district courts to follow in analyzing Rule 12(b)(7) motions, but its sister circuits allow for review outside the four corners of the complaint.").

mandate dismissal. *See Fla. Wildlife Fed'n Inc. v. U.S. Army Corps of Engineers*, 859 F.3d 1306, 1317 (11th Cir. 2017).

Rule 19(b) provides:

> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>> (2) the extent to which any prejudice could be lessened or avoided by:
>>> (A) protective provisions in the judgment;
>>> (B) shaping the relief; or
>>> (C) other measures;
>> (3) whether a judgment rendered in the person's absence would be adequate; and
>> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

The first factor considers how CenturyLink Florida might be prejudiced by a judgment rendered in its absence. Because Victor seeks damages for allegedly encroaching fiber optics cables evidently owned and controlled by CenturyLink, CenturyLink would undoubtedly be prejudiced by a judgment rendered in its absence. Taking the second and third factors together, it is hard to conceive how any such judgment could be crafted either to lessen or avoid prejudice to CenturyLink or to provide Victor adequate relief.

Last, and most persuasive, is the fourth factor: whether Victor would have an adequate remedy if this action were dismissed. A review of Victor's claim suggests that Florida's state courts would be the superior forum for disposition because the claim that remains involves questions of Florida trespass law. *See Tick v. Cohen*, 787 F.2d 1490, 1495 (11th Cir. 1986) (finding the superiority of a state forum as a decisive factor in its Rule 19(b) analysis and conclusion that dismissal was warranted). Because Victor's trespass claim could effectively be maintained in state court, and because the other Rule 19(b) factors also support CenturyLink Florida's joinder, the Complaint must be dismissed.

## CONCLUSION

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Kim Victor's claims against Sprint Corporation and CenturyLink, Inc. are **DISMISSED WITH PREJUDICE**.

(2) Victor's claims against T-Mobile US, Inc. and Deutsche Telecom AG are **DISMISSED WITHOUT PREJUDICE**.

(3) Counts II, III, IV, and V are **DISMISSED WITH PREJUDICE**.

(4) Count I is **DISMISSED WITHOUT PREJDUICE** to Victor refiling in Florida state court.

(5) The Clerk is **DIRECTED** to close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 27, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record